## 7887

### STATE v. LUCAS.

1. AN INSTRUCTION, "If the watchman was on the inside getting the goods and the defendants on the outside as a part and parcel of the scheme to loot the store," is not a charge on the facts.

2. HOUSEBREAKING AND LARCENY.—A scheme to loot a store implies guilty knowledge and after instruction that if the jury found certain facts to exist as a part of the scheme to loot the store. the defendants are guilty, it is not necessary to further instruct that guilty knowledge is an essential element of the crime.

Before GAGE, J., Georgetown, June, 1910.    Affirmed.

Indictment against Willie Lucas and Moses Campbell. Lucas appeals.

*Mr. S. St. Mark Sasportas,* for appellant, cites: *Charge is on the facts:* 47 S. C. 522; 49 S. C. 558; 28 S. C. 255; 5 S. C. 66; 15 S. C. 393; 19 S. C. 181; 51 S. C. 453; 38 S. C. 31.

*Solicitor Walter. H. Wells;* contra.    Oral argument.

April 29, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant, Willie Lucas, and his codefendant, Moses Campbell, were convicted under an indictment charging them with housebreaking and larceny; and, from the sentence imposed upon them, Willie Lucas alone appealed.

The first exception is as follows:

"Because his Honor, the Circuit Judge, erred in charging the jury as follows: 'If the watchman was on the inside, getting the goods, and the defendants on the outside, as a part and parcel of the same scheme to loot this store, the watchman doing one part and the men on the outside doing the other part, the law puts them in the same boat, brands them both as thieves, because, in that event, each would have the guilty heart, the felonious purpose to steal, and each would do his part towards carrying out the unlawful enterprise;' in that such charge is in violation of section 26 of article V of the Constitution of South Carolina, approved December 4, A. D. 1895."

The exception does not specify in what particular the charge was in violation of section 26, article V of the Constitution. But, waiving such objection, the exception cannot be sustained, as the word "if" clearly shows that his Honor, the presiding Judge, did not undertake to decide that the acts therein mentioned constituted "a part and parcel of the scheme to loot the store," and that this question was left entirely to the jury.

The second and third exceptions will be considered together, and are as follows:

"Because his Honor, the Circuit Judge, erred in charging the jury as follows: 'If the watchman was on the inside, getting the goods, and the defendants on the outside, as part and parcel of the same scheme to loot this store, the watchman doing one part and the men on the outside doing the other part, the law puts them in the same

boat, brands them both as thieves;' in that in said statement of facts, constituting the crime charged, his Honor failed to include a guilty knowledge, a criminal intent, as an essential element thereof; and, further, that such guilty knowledge, such felonious intent, must have been formed and existent in the mind of any defendant at the time that the offense was committed before a conviction of such defendant would be justified.

"Because in charging the jury as follows: 'If the watchman was on the inside, getting the goods, and the defendants on the outside, as part and parcel of the same scheme to loot this store, the watchman doing one part and the men on the outside doing the other part, the law puts them in the same boat, brands them both as thieves, because, in that event, each would have the guilty heart, the felonious purpose to steal;' his Honor erred, in that he charged as law 'because, in that event, each would have the guilty heart, the felonious purpose to steal,' a conclusion of fact not necessarily following from the statement of facts given to the jury."

In order to show that these exceptions cannot be sustained, it is only necessary to state that a scheme to loot a store necessarily implies guilty knowledge.

Appeal dismissed.